Andrew H. McNeal

*v.*

The Mechanics Building and Loan Association of Florence &c.

The complainant transferred to the defendants five shares of their own stock standing in his name, to secure a loan by them to him. The loan was paid in 1881. In 1878 two shares of that stock were levied on to pay complainant's taxes, and defendants notified him of the levy. The tax collector sold the two shares at public sale to complainant through an agent, and the surplus arising from the tax sale was paid directly to the complainant by the tax collector. Shortly afterwards the complainant sold those two shares to the agent, who paid him therefor. After the five shares of stock matured in 1882, the defendants. tendered the complainant the value of the three shares still standing in his name, after deducting therefrom the amount of his dues, fines &c.; which he refused to receive. They paid the amount into court in this suit. On a bill filed in 1883 against the defendants, to compel them to transfer the five shares to complainant—*Held*, that the bill had no merits.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. H. Flanders*, for complainant.

*Mr. J. H. Gaskill*, for defendant.

The Chancellor.

This suit is brought to compel the defendant to transfer to the complainant five shares of the third series of the capital stock of the defendant, which shares, with twenty others of the first series, were assigned by the complainant to the defendants as security for a loan of $4,000 made to him by it; or to pay him the value thereof. The money lent was repaid by him, but was not repaid in full until December, 1881. In the meantime two of the five shares in question were levied upon by the collector of taxes of the township of Florence, under a tax warrant issued to him for unpaid taxes assessed against the complainant, and were

sold in September, 1878, to the complainant himself, who bought them in through an agent of his, at the collector's sale. They brought more than was necessary to pay the tax claim, and the surplus was paid to him by the collector. He subsequently sold the two shares to the person who thus bought them in for him, and that person, after such sale thereof to him, paid all the dues thereon, and now demands from the defendants the matured value of those shares. The third series matured in September, 1882, and after it matured, and before the filing of the bill, the defendant tendered to the complainant the matured value of the three shares, less the arrears for dues and fines thereon. He refused to accept the money and they paid it into court in this cause. The shares of the first series matured in December, 1881, and then the complainant's bonds for the loan were satisfied out of the value of the twenty shares, and were delivered up to him. The only question raised is whether the tax sale was valid. The proceedings appear to have been regular. After the levy had been made and before the sale the defendant notified the complainant of the levy, and he sent his agent, as before stated, to buy in the shares for him at the sale. He took no measures to test the validity of the proceedings, and did not even protest, but acquiesced therein by purchasing at the sale and receiving the surplus from the collector. The transfer of the stock in pursuance of the sale was made by the collector in fact to him; for although made to his agent the latter bought and held the stock in trust for him, and took the transfer in his own name at the complainant's request. Afterwards, and up to the time when the complainant sold the stock to him, the agent paid the dues thereon for the complainant. The complainant sold the stock to the agent for full value. After the tax sale, in a settlement between them in January, 1881, the agent was allowed the amount which he had paid for the stock, and in a subsequent settlement between them made a year afterwards he was credited with the dues he had paid on the stock, and charged with $231.25 for the price of the stock which was then sold to him by the complainant.

The complainant, as before stated, never took any steps to contest the validity of the tax sale until he brought this suit for the

purpose of compelling the defendant, to litigate it with him, although it had no interest whatever in the matter, seeing that the levy and sale were made subject to its mortgage-claim upon the stock. And he did not begin this suit until nearly five years after the tax sale. He appears to have refused the money tendered to him as the value of the three shares of the third series, merely because he claimed that he was entitled to the value of the whole five shares, and therefore was unwilling to accept the value of the three only, lest the acceptance thereof should in some way affect injuriously his claim to the value of the other two.

The bill has no merits. There will be a decree accordingly.